IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                          CRIMINAL NO. 1:00cr44WJG-5
                                                                CIVIL ACTION NO. 1:05cv92WJG

STANLEY VERN WAHL, JR.

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant Stanley Vern Wahl, Jr.'s motion [237-1] to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

On August 7, 2000, Wahl pleaded guilty to one count of possession with intent to distribute cocaine and one count of criminal forfeiture. As part of his negotiated plea agreement, Wahl waived his right to appeal the conviction/sentence or the manner in which it was imposed. In addition, he waived his right to contest the conviction/sentence in a post-conviction proceeding or by section 2255 motion. On or about March 5, 2001, Wahl was sentenced to 87 months imprisonment, three years supervised release, a $3,000.00 fine, and a $100.00 special assessment. On March 12, 2001, the Court entered its Judgment of conviction. Subsequently, Wahl's term of imprisonment was reduced to 63 months. Wahl was released from prison on December 9, 2005, and is currently serving three years supervised release. For purposes of the

instant motion, Wahl is still considered to be "in custody."  *See Ojo v. I.N.S.*, 106 F.3d 680, 681 n. 2 (5th Cir.1997).

Wahl did not file an appeal, but on February 18, 2005, he filed the instant motion, seeking to vacate his sentence based on the assertion that his sentence was illegally enhanced per *United States v. Booker,* 125 S. Ct. 738 (2005), and *Blakely v. Washington,* 124 S. Ct. 2531 (2004).  As noted above, Wahl entered a negotiated plea of guilty pursuant to a plea agreement which contained an unambiguous waiver of his right to appeal the conviction/sentence or contest the conviction/sentence in any post-conviction proceeding.  (Ct. R., Doc. 242, Att. 1, ¶ 15.)  A defendant may, as part of a plea agreement, waive the right to appeal, *U.S. v. Cuevas-Andrade,* 232 F.3d 440, 446 (5th Cir.2000) (citing *United States v. Melancon*, 972 F.2d 566 (5th Cir.1992)), and the right to seek post-conviction relief.  *United States v. Wilkes,* 20 F.3d 651, 653-54 (5th Cir.1994).  Wahl does not contest the validity of the waiver, thus this Court finds that Wahl waived his right to file the instant motion.

Even discounting the waiver, Wahl's argument pursuant to *Booker* and *Blakely* is without merit.  The Fifth Circuit has expressly addressed consideration of *Booker* and *Blakely* on collateral review:

> [I]t is clear that *Booker* has not been made retroactive to cases on collateral review by the Supreme Court.  The Supreme Court did not so hold in *Booker,* nor has the Court done so in any case since *Booker.*  The same is true with respect to *Apprendi* and *Blakely*.  In fact, in *Booker,* the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on *direct* review." 125 S.Ct. at 769 (emphasis added).  The Court could have, but did not, make any reference to cases on collateral review.
>
> In addition, the Supreme Court has not rendered any decision or combination of decisions that, while not expressly making the rule of *Apprendi, Blakely* and *Booker* retroactive, "necessarily dictate[s] retroactivity" of that rule.  *Tyler,* 533 U.S. at 666, 121 S.Ct. 2478.  To the contrary, the Supreme Court has strongly suggested that

> *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review. *See Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

*In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005); *see U.S. v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005) (holding that *Booker* does not apply retroactively to initial § 2255 motions). Simply put, *Booker* and *Blakely* are not retroactively applicable on collateral review, and Wahl's arguments to the contrary are without merit. Consequently, the Court finds that Wahl's motion to vacate pursuant to 28 U.S.C. § 2255 should be denied. It is therefore,

ORDERED AND ADJUDGED that Wahl's motion '237-1] to vacate be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the above styled action be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 2nd day of May, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE